IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLYDE RAYE ADAMS                                                                                            PLAINTIFF

v.                                    Case No. 4:06-cv-4003

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                        DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Clyde Adams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed his application for SSI on August 27, 2003, alleging an onset date of January 1, 1999. (Tr. 52-55).[2] Plaintiff's claimed impairments included memory loss; bad shoulders, wrists, knees, and liver; and mental health problems. (Tr. 57-63 ). Plaintiff's applications were denied initially and on reconsideration. (Tr. 25-28, 31-32). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on May 18, 2005.  The Plaintiff was present and

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

appeared *pro se*, at the hearing[3]. Also testifying was, Bonnie Ward, a vocational expert. (Tr. 204-228). After considering all of the evidence of record, the ALJ rendered a decision on August 29, 2005, finding the Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 13-20). Plaintiff filed a request for review with the Appeals Council. (Tr. 7-9). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 20, 2005. (Tr. 4-6).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

---

[3] Plaintiff understood his right to have an attorney present at the hearing and he knowingly waived this right. (Tr. 207).

2

proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and rendered a decision not supported by substantial evidence. The Defendant argues the Plaintiff knowingly and intelligently waived his right to counsel at the administrative hearing[4]; the ALJ evaluated Plaintiff's subjective complaints in accordance with *Polaski*; and the ALJ's decision is supported by substantial evidence.

**Polaski Analysis**

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors must be analyzed in light of the claimant's subjective complaints of pain and discomfort. The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

---

[4] Although Plaintiff did not raise this issue on appeal, Defendant did so. A claimant has a statutory right to representation by counsel at disability hearings. *See* 42 U.S.C. § 406; 20 C.F.R. § 416.1500. However, the claimant may waive the right to counsel if provided sufficient information to enable him to knowingly and intelligently choose whether to retain counsel or proceed pro se. *See Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1052 (6th Cir.1983).Plaintiff was questioned by the ALJ regarding his right to counsel and he expressed an understanding of this right and acknowledged his desire to conduct the hearing without the benefit of counsel. (Tr. 207). Furthermore, Plaintiff received several documents prior to the hearing where the right to counsel was made known to Plaintiff. (Tr. 34, 36, 38, 40-41, 43). Plaintiff knowingly and intelligently waived his right to counsel at the administrative hearing.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The ALJ's decision in the present action is not supported by substantial evidence in the record. Specifically, the ALJ's credibility determination is not supported by substantial evidence because the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1130 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

In the present action, the ALJ did not review any of the *Polaski* factors. The ALJ merely cited *Polaski* and listed the factors to be considered. (Tr. 16-17). The ALJ then found Plaintiff's allegations regarding his limitations, and complaints of pain and discomfort, were not totally credible. (Tr. 19). The ALJ failed to provide any specific reasons for his finding on the Plaintiff's credibility. The ALJ is required to acknowledge **and** consider all of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain. *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996). Because the ALJ did not examine the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. *Id.*

On remand, the ALJ is reminded of his duty to fully and fairly develop the record. *See Snead v. Barnhart,* 360 F.3d 834 (8th Cir. 2004). The Plaintiff testified to having had two prior psychiatric impatient treatments, each lasting one month. (Tr. 221-222). These admissions were at Wadley Hospital in Texarkana. (Tr. 61). These records were not available at the last administrative hearing. The ALJ should obtain these records prior to the next administrative hearing. Following the review of these records, The ALJ may need to reconsider the severity of Plaintiff's alleged mental

impairment.  The ALJ should also determine whether the Plaintiff should be sent to a specialist for a further evaluation based upon his findings on remand.

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed.  This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **14th day of June, 2007.**

/s/  Barry A. Bryant
HON.   BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE